# EXHIBIT 84

April 24, 2008

Honorable John F. Walter
United States District Court
Central district of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

Dear Your Honor:

I, Kenneth Schultz, am the current Controller at the Milberg firm.  I have been
employed at Milberg since 1999 and have spent the better part of my career in the
accounting field specializing in law firms.

I am writing this letter in the hope that the court will consider leniency regarding
the sentencing of Melvyn I. Weiss.

Mr. Weiss' generosity has touched my family in a special way.  During the
summer of 2005, my wife, children and I decided to take part in a program to bring
children from orphanages around the world to the United States where they would live in
homes like ours for a few weeks over the summer.  We chose a sibling group of three
living in an orphanage in Russia.  The children spent three weeks in our home before
returning to Russia.  During those three weeks, the children attended an amusement park,
zoo, aquarium, baseball game and other events.  I should mention that up until this point
in my employment at Milberg, Mr. Weiss and I only discussed business matters.  We did
not discuss any personal matters.

Through someone else at the firm, Mr. Weiss had learned that my family had
provided a few weeks of summer vacation to these Russian children.  Mr. Weiss called
me into his office, told me how impressed he was with our family's decision to help out
these orphans, and told me to itemize all of my expenses incurred during the time we
housed these children for purposes of reimbursing our family.

Ultimately, my wife and I decided to adopt these children.  Mr. Weiss was thrilled
when I had informed him of our decision.  It was at this time that the firm had started
losing staff and attorneys.  I had concerns about the possibility of spending time away
from work as we attempted to adopt the children.  Mr. Weiss told me not to worry about
the time I might have to spend away from the firm in our efforts to bring the kids home to
the United States.  In fact, he wanted to make sure I was reimbursed for my travel costs
incurred to and from Russia.  He made it clear to me  that getting these children out of the
orphanage (where conditions were horrific to say the least) and bringing them home was
of the utmost importance.  He would often inquire as to the status of our adoption during
the process.

**313**

Mr. Weiss' generosity was and is to this day inspiring because this was simply a random act of generosity. There was no benefit to Mr. Weiss by extending his generosity to us.

Despite our disappointment regarding his guilty plea, our family remains grateful and our respect for Mr. Weiss is unwavering.  When we ultimately bring our kids home, we plan on bringing them to the Milberg office so they can meet Mr. Weiss along with the others at the firm who have helped us and continue to lend their support.

It is our hope that the court recognizes that the removal from society, of someone like Mr. Weiss, who has the means and capabilities of these random acts of kindness, does not benefit society, and that leniency will be considered.

Thank you for your consideration.

Sincerely

Kenneth Schultz
and Family

# EXHIBIT 85

Mandy Wong
73-10 199th Street
Fresh Meadows, NY 11366
718-465-1439

April 28, 2008

The Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

Re: United States v. Melvyn I. Weiss NO. CR 05-587(E)-JFW

Dear Judge Walter:

My name is Mandy Wong and I am currently employed as an Accounting Manager at Milberg LLP.   It is my understanding that you will soon make decisions concerning Mr. Weiss' sentencing.   It is my hope that in deciding Mr. Weiss' fate, you will take into account his dedication and generosity towards his staff.   I am writing to you to ask for leniency in the sentencing of Mr. Weiss .

I wish to take a moment of your time to share an experience with you.  I have been with the Firm for almost 14 years now.   The Firm always offer bonus to the staff at year-end, around. However, this particular year was not a good one.  The Firm did not have enough cash to do so. Many of the partners believed there was no reason to give bonus, but Mr. Weiss insisted on doing so.  His word was "…. they worked as hard as always,  we need to do something for them….".  At the end , the Firm decided to borrow money to paid for the bonus.  I cannot forget his generosity till this day.  Every year during the holiday party, Mr. Weiss thank all the staff for their hard work.  I truly believed and appreciated every word he said.  I am so proud that I had the opportunity to know and work for such a great man.

As I am writing this letter, I was overcome with emotion.  I feel tremendous sadness at his current situation.  Please consider an arrangement in these processes which does not cause any additional grief for him and his family.  Thank you for time and attention to this important matter.

Sincerely

Mandy Wong

315

**EXHIBIT 86**

### CARL G. MORRIS
### 130 Flower Road
### Valley Stream, New York 11581

April 24, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 15
Los Angeles, California 90012

Re:  *United States v. Melvyn I. Weiss No. CR 05-578(E) - JFW*

Dear Judge Walter:

My name is Carl G. Morris, Sr.  I'm a resident of Valley Stream, New York and have worked (in a clerical capacity) for three major U.S. law firms over the past thirty (30) years and have known Mr. Weiss for the past fifteen (15) years.

Your Honor, next to my biological father, Melvyn Weiss has been the most influential male figure (in an upbuilding way) in my life.  He's always been approachable and would listen to the personal concerns of others with genuineness of heart.  When I was going through my divorce, he encouraged me to do all in my power to make my marriage work but if that would not prevail, not to live the rest of my life miserably.  He's made it possible that my son is able to attend one of the finest education institutions (Penn State University) in our nation.  Last Thanksgiving, I had the privilege of escorting his 97 year old mother to his home for the annual festivities.  He has expressed to me his sadness of this current situation and knowing him as I do, when he spoke regretfully, I felt his soul.

Your Honor, I know that your wisdom will prevail concerning this matter.  Nevertheless, I beseech that you please hear my plea of mercy for Mr. Weiss.  Perhaps his wealth of knowledge can be most useful through Community Service in an educational capacity at a disadvantaged school, so as to assist in the no child left behind doctrine.  If not, perhaps confinement to his home.

Please Your Honor give consideration to leniency and mercy for Mr. Weiss, as I understand these are the weightier matters of the law.

Respectfully and Sincerely,

Carl G. Morris, Sr.

**316**

**EXHIBIT 87**

Elizabeth White
90-04 Springfield Blvd.
Queens Village, NY  11428

April 18, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA  90012

Re:     *United States v. Melvyn I. Weiss*
       No. CR 05-587(E)-JFW

Dear Judge Walter:

My name is Elizabeth White and I have been employed by Milberg LLP, formerly Milberg Weiss, for over 31 years.  I was the supervisor of the records department for over 20 years and have for the past 11 years been the manager.  I am writing this letter on behalf of Melvyn I. Weiss.  I have always known Mr. Weiss to be a kind, generous person who, for the past 31 years, has consistently shown himself to be concerned about my well-being.  I consider Mr. Weiss to be a family member and a mentor.  Moreover, he has continually challenged me to excel in my life and profession.  In my personal experience, Mr. Weiss has demonstrated a constant concern for all the employees of the firm.  He is an employer who is personable and approachable.  When I experienced problems, he always made himself available to help.

Mr. Weiss has often encouraged me to pursue my professional and educational goals.  For example, one of my goals was to pursue a college degree.  However, being a single mother made it difficult to achieve this goal.  When my children were older, Mr. Weiss offered to pay my educational expenses.  In addition, by working for Mr. Weiss and the firm I have had many other opportunities, such as purchasing my own home and helping my children to pursue their educational goals.  Professionally, Mr. Weiss has greatly influenced me to become a leader.  I try to apply many of his teachings on the job that have inspired my long career with the firm.

Your Honor, I am asking the Court to impose a lenient sentence on Mr. Weiss, who I believe has positively influenced my life and the lives of so many other people.  I humbly ask the Court to consider home confinement or community service as part of his sentence.

Respectfully,

Elizabeth White

**317**

# EXHIBIT 88

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

Re: United States v. Melvyn I. Weiss
No. CR 05-587(E)-JFW

Dear Judge Walter:

I am writing this letter on behalf of Mr. Melvyn I. Weiss. My name is Belinda

Taylor, and I have known Mr. Weiss for 33 years in several capacities as an employer

and friend. For 30 years I worked as a receptionist with the Milberg LLP law firm.

Currently, I have continued my employment with the firm working part-time for

approximately 3 years with the legal library staff. As a longtime employee, Mr. Weiss

has always treated me with high levels of respect, sincerity, and professionalism. I feel

that he is an exceptional person who has greatly influenced my life in many positive ways

and capacities. Thus, I consider Mr. Weiss to be a dynamic leader and mentor who

possesses many professional qualities that have not only influenced my life on a personal

basis but also the lives of many people in New York City and in other places. I also

consider Mr. Weiss to be a caring and generous person and most of all my best friend. I

can truly say that he continues to be regarded as part of my immediate family.

Throughout the years that I have known Mr. Weiss I can continually describe

many experiences that have made him a valuable part of my life. As a dynamic employer,

Mr. Weiss has always had an open-door policy for all employees. This is one reason why

I feel that he has always been an approachable employer who made it comfortable for me

to relay many of my personal problems. For example, when my daughter became

**318**

pregnant out of wedlock, I was greatly upset. When Mr. Weiss learned of my concerns he invited me into his office to discuss the situation. As I tearfully relayed the problems about my daughter he offered me great emotional support and advice. What made this meeting special was that he challenged me to look beyond the current situation and envision a promising future for my family. To this day I continue to be appreciative of his advice and encouragement. Moreover, I now have a closer relationship with my daughter and also have a wonderful grandson who is 16 years old.

As a friend and employer, another example of Mr. Weiss' kindness and sincerity is that in November of 2001 my father passed away. Mr. Weiss was very much aware of the close relationship that I had with my father due to the loss of my mother at a very young age. In spite of his busy schedule, he took time off from his appointments and attended my father's funeral. During this difficult time he also demonstrated his kindness and concern by providing food for my family and friends for the social gathering after the funeral services. These are only a few examples of why I have much respect and gratitude for Mr. Weiss. In many ways he has been a father-figure for many people that he has interacted with and nurtured. Moreover, he has continually set an example of great accomplishments throughout his life.

Judge Walter I am pleading with the Court to impose a lenient sentence on Mr. Weiss, who I believe is an extraordinary person and amazing man. I humbly ask the Court to consider home confinement or community service as part of his sentence.

Sincerely,

*Belinda Taylor*

Belinda Taylor

**319**

**EXHIBIT 89**

April 23, 2008


The Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, California 90012

Re:    United States v. Melvyn I. Weiss
         No. CR 05-587(E) - LFW

Dear Judge Walter:


    My name is Vernesha Griffith and I work for Milberg LLP.  I have worked as a
receptionist for the past fifteen years, and I am still happy working at our firm.
The reason why I am writing is to tell you about the man I have come to know,
Mr. Melvyn Weiss.  He has been like a father figure to me, and always treated me
with kindness and respect.  One day, in January of 1994, I almost passed out
from being dizzy and the paramedics were called.  While I was waiting to be
treated, Mr. Weiss came out and asked what was wrong.  He was on his way to a
meeting at the time, but he saw how upset I was and he had housekeeping get
cold towels for my head. Mr. Weiss sat there with me the whole time and just
talked to me like a father would to his daughter to calm me down.  When the
paramedics came, Mr. Weiss came to me and took my hand and gave me a kiss
on my forehead, and said to me, "Don't worry, you're going to be fine."  No one
has ever done that for me.  I know Mr. Weiss was running late for his meeting,
but the kindness that was shown, I will never forget.  In all of the years that I
have worked at Milberg LLP, Mr. Weiss has never raised his voice, used curse

**320**

words to get his point across, or talked down to me. Mr. Weiss' voice has always been calm.  Another day, I took a message and forgot to deliver it to Mr. Weiss.  I was afraid to tell him, but I knew I had to.  When I did tell Mr. Weiss what happened, he forgave me. That day, I felt so relieved!!  I will truly miss him.

Your Honor, as a Christian, I have learned to forgive people who have done bad things to me, and I ask the court to please be lenient to Mr. Weiss.  He is a very kind and gentle man.  I am also asking if you, Your Honor, would let him serve his time at home under supervision.

I thank you, Your Honor, for taking the time to read my letter.  Have a good day.

Very Truly Yours,

Vernesha Griffith

**EXHIBIT 90**

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

May 14, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

Re: United States v. Melvyn I. Weiss NO. CR 05-587(E) - JFW

Dear Judge Walter,

I am a partner at the law firm of Bernstein Liebhard and Lifshitz LLP, and formerly an associate and partner with the firm of Milberg Weiss. Mr. Weiss hired me in late 1999 as an associate. I was 44 years old at the time, with no experience in class actions or securities law. I had been a solo practitioner in a primarily state court criminal practice. I had not worked in a law firm setting since shortly after my law school graduation.

Mel Weiss took a chance on me when I was far from a conventional hire. The opportunity he gave me turned my career for the better in a big way. It changed my life and that of my family.

When I went to work at Milberg Weiss it was my pleasure to work very hard at one of the most professionally run law firms I have ever seen. Mel Weiss set the tone. I was lucky enough to work personally with Mel on several cases. What impressed me about his legal thinking was the effort he took to analyze critically our own arguments as rigorously as those of our adversary. He consistently told his lawyers to take great care to state facts correctly and never to overstate a position or argument. Of course, lawyers should always behave in this way, but I am sure Your Honor knows that many lawyers do not.

**322**

BERNSTEIN LIEBHARD & LIFSHITZ, LLP

No man's actions are without fault.  But I witnessed firsthand that the core of Mel Weiss's character is one of integrity and goodness.  He had the insight to see something in my character that was not on my resume.  In taking that chance, he conferred a great benefit on me and my family for which I will always be grateful.  I am just one example of Mel Weiss's character leading him to do good for others, not only in small things, but in very significant ways.  Such a person is worthy of your mercy.

I ask you therefore to see the goodness and generosity in Mel Weiss, and to give him the most lenient sentence the law allows.

Sincerely Yours,

*Francis P. Karam*

Francis P. Karam

**323**

**EXHIBIT 91**

April 24, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Court 16
Los Angeles, CA 90012

      Re:    United States v. Melvyn I. Weiss
             No. CR 05-587(E) - LFW

Dear Your Honor,

      I, Larissa N. Cespedes, am writing this letter on behalf of Melvyn I. Weiss in the hopes that his character be viewed in the truest of form. I have known Mr. Weiss and the Weiss family since July 2007, when my parents were employed by the family to care for their home in Long Island, NY.

      Once I became aware of the difficulties facing Mr. Weiss it became clear to me that I had to do something that would bring to light his benevolent and generous nature. At the age of 18, I have not come across an individual quite as inspirational as Melvyn Weiss. He is to me more than just my parents' employer. He is the one who offers me a place to stay when I am on vacation from college (Dartmouth College) because my parents and I do not have a home of our own. It is extremely refreshing to find an individual such as him that treats my parents as actual human beings rather than just people who clean his house everyday. From experience, it is quite difficult and extremely rare to find someone who is willing to take into account the needs of his workers as if they were his own. He is aware of every minimal need and is willing to help in every situation. Not only has he offered me a home, but also what is most important to me is that for once my parents are treated well in their job and that alone evokes great gratitude.

      In all, I believe he is kindhearted and extremely generous. He is admired by so many because of his gentile nature and because of the amount of knowledge he offers. It is an experience in and of itself to have a conversation with him; his years have only made him more knowledgeable and admired. He

**324**

has accepted my family into his home and has treated my parents and myself with the utmost respect. He is truly an honest and kind person who deserves, more than anyone, clemency. Throughout his life he has done infinite amount of good and it would only be right for me to plea for a compassionate sentence, for he is an integral part of our lives.

Sincerely,

Larissa N. Cespedes

**EXHIBIT 92**

# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 5100
1000 LOUISIANA
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 950 | SUITE 3800 | 5TH FLOOR |
|---|---|---|---|
| 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE | 654 MADISON AVENUE |
| DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 | NEW YORK, NEW YORK 10065-8440 |
| (214) 754-1900 | (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

STEPHEN D. SUSMAN
DIRECT DIAL (713) 653-7801

DIRECT DIAL FAX (713) 654-6670
E-MAIL SSUSMAN@SUSMANGODFREY.COM

April 10, 2008

Honorable John F. Walter
United States District Court
Central District of California
Room 176, Courtroom 16
312 North Spring Street
Los Angeles, California 90012

Re:    *United States v. Melvyn I. Weiss*, No. CR 05-587(e) - JFW

Dear Judge Walter:

I'm a competitor of Milberg Weiss and have been identified generically as someone foreclosed from leadership of class actions because of conduct to which Mel Weiss has pled guilty. It is as a victim then that I urge the Court to treat Mr. Weiss leniently in sentencing.

I have known Mel for over 25 years. I met him first when we were both members of an ABA Litigation Task Force on either class actions or jury comprehension or both. I admired his wisdom, his candor, and above all, his generosity to many worthwhile causes. I admired his passion for victims of financial wrongdoing. He almost single-handedly made it respectable to represent plaintiffs in such cases. He was always generous in sharing his ideas with other lawyers, speaking on CLE programs and participating in Bar activities. And I never met a defense lawyer who didn't respect his ability and acknowledge his integrity.

I hope you will take into consideration that a lenient sentence will allow Mel to continue to engage in charitable and humanitarian activities. His conduct may have excluded from the market competitors like me, but that harm pales in comparison to the benefits Mel achieved for the classes of victims he represented. That passion to help others should not be extinguished by incarceration.

Sincerely,

Stephen D. Susman

830776v1/107572

**326**

**EXHIBIT 93**



**THE RESOLUTION EXPERTS®**

April 16, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

<u>Re: United States v. Melvyn I. Weiss</u>
<u>No. CR 05-587(E) – JFW</u>

Dear Judge Walter:

I am writing without reservation to respectfully request that the Court take Mel's many
wonderful qualities and accomplishments into account in assessing the appropriate
penalty for his misdeeds.

I should state from the beginning that despite my training in being unbiased as a former
California Superior Court Judge, I cannot claim complete objectivity as I and my wife,
Sue, have become very fond of Mel on a personal basis over the past few years.  Prior to
that, as a mediator for JAMS, I had mediated half a dozen complex civil cases in which
he was lead counsel for plaintiffs.

I'm sure the other letters will cite to Mel's vast array of accomplishments as a pioneer in
the class action world, and his extensive philanthropic work and his significant
contributions to the Arts.

But I want you to be aware of another side of Mel not as visible or well known.  He does
many good deeds on a daily basis (in our religion we call them "mitzvahs").  A day does
not go by that Mel doesn't help some person in distress, some fallen sparrow, or some
poor soul whose luck has run out.  These good deeds are done without fanfare or
recognition but they are constant, numerous and widespread.  Ask the doorman in his
building, the paralegal whose tuition he paid, the Israeli refugee who needed some early
assistance to get a job, the secretary whose medical bills were paid and it goes on and on.
These are just rumbles I have picked up over the years of his many "mitzvahs" which
have escaped public recognition.  There is a veritable ocean of plain folks out there who
if given the chance would add their voice to this chorus.

**327**

Honorable John F. Walter                    - 2 -                    April 16, 2008

Mel is a good man, who understands friendship, loyalty and trust, and someone who is there for the little guy as well as the powerful and famous.

Indeed there is the tough and clever side of Mel that served him well in taking on the titans of the financial world. He made some mistakes, serious mistakes, along the way and is now paying the price for it. It is inappropriate for me to comment on what his punishment should be, but I fervently hope he is not ineligible for the kind of compassion and mitigation that a lifetime of good deeds has earned him.

My wife, Sue, who is a big fan of Mel and the best judge of people I know, joins in my remarks.

Respectfully,

Daniel H. Weinstein
Judge of the Superior Court (Ret.)
Founder and Panelist of JAMS

**328**

**EXHIBIT 94**



**MORELLI
RATNER** PC
ATTORNEYS AT LAW

950 THIRD AVENUE
NEW YORK NY 10022
212.751.9800 OF.
212.751.0046 FX.
877.751.9800 TF.
WWW.MORELLILAW.COM

BENEDICT P. MORELLI

DAVID S. RATNER

ARTHUR L. SALMON
MARTHA M. MCBRAYER
JENNIE L. SHATYNSKI

STEVEN C. NOVEMBER
THOMAS P. O'MALLEY
STEVEN M. GERSHOWITZ
VICTORIA J. MANIATIS
NICOLE V. GURKIN
MARK A. MARINO
SARAH BERNETT
SCOTT J. KREPPEIN
SARAH J. GREENBERG

*OF COUNSEL*
TAI & SOBILOFF PC
DAVID L. SOBILOFF
ALLAN Y. TAI

*OF COUNSEL*
RORY I. LANCMAN

May 5, 2008

Honorable John F. Walter
United States District court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

RE: United States v. Melvyn I. Weiss
No. CR 05-587(E) – JFW

Dear Judge Walter,

My name is Benedict P. Morelli. I am the senior partner in Morelli Ratner, PC, a firm I founded, have been a practicing attorney for over thirty years, and am a past President of the New York State Trial Lawyers Association.

I have only known Melvyn Weiss less than ten years but have known about him for at least twenty more years through other lawyers and friends. My personal experience with Mr. Weiss is both on a professional as well as a social level.

I originally met Mr. Weiss when a Supreme Court Judge in New York County recommended him as a mediator on a lawsuit in which I was one of the litigants. We spent three to four full days, over a period of at least a month, meeting, conferring, and exchanging ideas and opinions. He worked tirelessly with both sides without exhibiting any bias toward either side of the lawsuit. His counsel was immensely helpful and I came to know him as an intelligent, dedicated, knowledgeable, fair-minded attorney who understood the value of trust. The members of the bench had exhibited the same trust in him.

After I had known Mr. Weiss for a while, I discovered that he and I were both NY Met fans and would sometimes meet and socialize at Shea Stadium. My background as a lawyer is in litigation and, as such, I believe I have honed my skills in evaluating people. Because I have been selecting juries in hundreds of lawsuits of varying types for over thirty

**329**



**MORELLI RATNER**<sub>PC</sub>
ATTORNEYS AT LAW

years I believe I possess the insight with which to ascertain what kind of person one might be. I feel that Mel Weiss is someone one would be proud to call a friend. You can feel secure that if you ever need him he would do all that was possible and would be there for you to help in whatever way he could.

Mel Weiss' history was known to me long before I actually met him because, my close friend, Marc Sherman's father was a close friend of Mr. Weiss for over thirty years. I heard countless wonderful stories over the years about Mel Weiss and what a philanthropic family man he is. Marc Sherman knew Mr. Weiss since he was a young boy when Mr. Weiss would be invited to his house to socialize with his family. My friend considered him like an uncle and I certainly respect my friend's opinion.

Now that I have come to know Mel's son, Steve Weiss, I can say unequivocally that he raised a fine young man who has become a very well respected attorney, not only in New York, but in many other jurisdictions as well.

Although I have had two other opportunities to write letters on behalf of other lawyers I knew who had legal problems, I did not get involved because I did not believe in writing on behalf of men whom I considered unworthy of my endorsement. I chose to write this time because I believe that a man such as Melvyn Weiss, who has been an important icon to many, should be judged on the totality of his career and life. If so judged, I hope Your Honor would choose to be lenient with such a charitable family man.

Respectfully,

Benedict P. Morelli, Esq.

BPM/am

330

**EXHIBIT 95**

WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET

NEW YORK, N.Y. 10019-6150

TELEPHONE: (212) 403-1000

FACSIMILE:  (212) 403-2000

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)

MARTIN LIPTON
HERBERT M. WACHTELL
BERNARD W. NUSSBAUM
RICHARD D. KATCHER
ALLAN A. MARTIN
LAWRENCE B. PEDOWITZ
ROBERT B. MAZUR
PAUL VIZCARRONDO, JR.
PETER C. HEIN
HAROLD S. NOVIKOFF
DAVID M. EINHORN
KENNETH B. FORREST
MEYER G. KOPLOW
THEODORE N. MIRVIS
EDWARD D. HERLIHY
DANIEL A. NEFF
ERIC M. ROTH
WARREN R. STERN
ANDREW R. BROWNSTEIN
MICHAEL H. BYOWITZ
PAUL K. ROWE
MARC WOLINSKY
DAVID GRUENSTEIN
PATRICIA A. VLAHAKIS
STEPHEN G. GELLMAN
STEVEN A. ROSENBLUM
PAMELA S. SEYMON
STEPHANIE J. SELIGMAN
ERIC S. ROBINSON
JOHN F. SAVARESE
SCOTT K. CHARLES
ANDREW C. HOUSTON
PHILIP MINDLIN
DAVID S. NEILL
JODI J. SCHWARTZ
ADAM O. EMMERICH
CRAIG M. WASSERMAN
GEORGE T. CONWAY III
RALPH M. LEVENE

RICHARD G. MASON
DOUGLAS K. MAYER
MICHAEL J. SEGAL
DAVID M. SILK
ROBIN PANOVKA
DAVID A. KATZ
ILENE KNABLE GOTTS
DAVID M. MURPHY
JEFFREY M. WINTNER
TREVOR S. NORWITZ
BEN M. GERMANA
ANDREW J. NUSSBAUM
RACHELLE SILVERBERG
DAVID C. BRYAN
STEVEN A. COHEN
GAVIN D. SOLOTAR
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER
MARK GORDON
JOSEPH D. LARSON
LAWRENCE S. MAKOW
JARED M. RUSMAN
JEANNEMARIE O'BRIEN
WAYNE M. CARLIN
JAMES COLE, JR.
STEPHEN R. DiPRIMA
NICOLAS G. DEMMO
IGOR KIRMAN
JONATHAN M. MOSES
T. EIKO STANGE
DAVID A. SCHWARTZ
JOHN F. LYNCH
WILLIAM SAVITT
ERIC M. ROSOF
MARTIN J.E. ARMS
GREGORY E. OSTLING

J. AUSTIN LYONS
LORI S. SHERMAN
JONATHAN E. PICKHARDT
NELSON O. FITTS
JEFFREY C. FOURMAUX
JEREMY L. GOLDSTEIN
JOSHUA M. HOLMES
DAVID E. SHAPIRO
ANTE VUCIC
IAN BOCZKO
LAURYN P. GOULDIN
MATTHEW M. GUEST
DAVID E. KAHAN
MARK A. KOENIG
DAVID K. LAM
MICHAEL S. WINOGRAD
KATHRYN GETTLES-ATWA
DANIELLE L. ROSE
BENJAMIN M. ROTH
ANDREW A. SCHWARTZ
DAVID M. ADLERSTEIN
SHIRI BEN-YISHAI
JOSHUA A. FELTMAN
STEPHEN M. FRANCIS
JONATHAN M. GORDON
MARGARET ISA BUTLER
EMIL A. KLEINHAUS
WILLIAM E. SCHEFFER
ADIR G. WALDMAN
AREF H. AMANAT
RONALD C. CHEN
B. UMUT ERGUN
EVAN K. FARBER
MICHAEL KRASNOVSKY
MAURA A. LEWIS
YELENA ZAMACONA
GARRETT B. MORITZ
JOSHUA A. NAFTALIS

VINAY SHANDAL
MEREDITH L. TURNER
KARESSA L. CAIN
WILLIAM EDWARDS
JAMES R. GILMARTIN
ADAM M. GOGOLAK
JONATHAN GOLDIN
ROGER J. GRIESHEYER
DANIEL E. HEMLI
GAVIN W. HOLMES
MATTHEW S. LEVINE
GORDON S. MOODIE
JOHN A. NEUMARK
DONGJU SONG
LINDSAY R. SMITH
AMANDA L. STRAUB
BRADLEY R. WILSON
FRANCO CASTELLI
ROSS A. FIELDSTON
SCOTT W. GOLENBOCK
NOEZ M. KABA
CAITH KUSHNER
J. ALEJANDRO LONGORIA
GRAHAM W. MELI
JOSHUA M. MILLER
OPHIR NAVE
GREGORY E. PESSIN
CARRIE M. REILLY
WON S. SHIN
JEFFREY UNGER
MARK F. VEBLEN
CARMEN WOO
IGOR FUKS
BETTY W. GEE
JONATHON R. LA CHAPELLE
BRANDON C. PRICE
ALISON M. ZIESKE

OF COUNSEL

WILLIAM T. ALLEN
PETER C. CANELLOS
THEODORE GEWERTZ
KAREN G. KRUEGER
THEODORE A. LEVINE

LEONARD M. ROSEN
MICHAEL W. SCHWARTZ
ELLIOTT V. STEIN
J. BRYAN WHITWORTH
AMY R. WOLF

COUNSEL

MICHELE J. ALEXANDER
DAVID B. ANDERS
ADRIENNE ATKINSON
ANDREW J.H. CHEUNG
DAMIAN G. DIDDEN
PAMELA EHRENKRANZ
ROBERT A. FRIEDMAN

PAULA N. GORDON
NANCY B. GREENBAUM
MAURA R. GROSSMAN
IAN L. LEVIN
ADAM J. SHAPIRO
HOLLY M. STRUTT

April 22, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA  90012

Re:  *United States* v. *Melvyn I.* Weiss
     (No. CR 05-587(E) – JFW

Dear Judge Walter:

Your Honor will shortly be sentencing Melvyn I. Weiss and I write this letter to set forth information which may be helpful to the Court in determining what the sentence should be.

I am a senior litigation partner in the firm of Wachtell, Lipton, Rosen & Katz and have been practicing law, both in the public and private sectors, for over 45 years.  I was an Assistant United States Attorney for the Southern District of New York in the early 1960's, a senior counsel to the House Judiciary Committee when it conducted the presidential impeachment inquiry in 1974, and Counsel to the President of the United States in 1993 and 1994.

I joined my law firm in 1966, one year after it was formed.  It had eight lawyers at the time.  Over the years the firm has grown and we became quite active in the merger and acquisition area and in corporate and securities litigation.  My specialty is litigation and that is how I met and began dealing with Mel Weiss over 40 years ago.

**331**

WACHTELL, LIPTON, ROSEN & KATZ

Honorable John F. Walter
April 22, 2008
Page 2

Needless to say, since we generally represent defendants in civil litigation and Mel and his firm represent plaintiffs, we were involved on opposing sides in numerous lawsuits in New York, Delaware, and in various other states. Nonetheless, in all my dealings with Mel — and there have been many — I have found him not only to be a lawyer of great skill who fought tenaciously for his clients, but an individual of the great integrity, who kept his word, and played it straight in every battle we had with him and his firm over the years.

The Mel Weiss I know — while a tough opponent in the courtroom — is also a kind and generous human being outside the arena. I know him to be charitable, to be community minded, to be active in various Bar activities (especially when I was president of the Federal Bar Council, an organization for those who litigate in the Second Circuit) and, at all times, to act with compassion and thoughtfulness to others. For many young lawyers he has been a guide and a mentor and, in my mind at least, he has been a towering figure in the law for almost half a century.

I do not presume to comment on the facts of the case which is before Your Honor — and this letter is not intended to excuse any wrongdoing which Mel has acknowledged — but I do know that Mel has expressed deep remorse and his legacy as a leader of the Bar has been significantly tarnished. But when one looks at his entire professional career he has, on balance, been a force for good in the corporate universe and I would hope that is taken into account when he is sentenced.

While, thankfully, I have not had to do it myself, I know from my years of practice, as a prosecutor and a defense attorney, how difficult sentencing can be. I do hope Your Honor will temper justice with mercy and sentence Mel fairly. In the final analysis, that is all anyone can ask.

Respectfully,

Bernard W. Nussbaum

BWN:bw

**332**

**EXHIBIT 96**

# THE MIDDLETON FIRM, L.L.C.

### TRIAL LAWYERS

58 East Broad Street
Savannah, Georgia 31401
Post Office Box 10006
Savannah, Georgia 31412-0206

Richard H. Middleton, Jr.
Stephen A. Sael

Sender's e-mail:
rhm@middletonfirm.com

(912) 234-1133 - phone
(800) 222-8678 - toll free
(912) 233-1750 - facsimile

general firm e-mail: general@middletonfirm.com

April 14, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 186, Courtroom 16
Los Angeles, CA 90012

     Re:    **UNITED STATES v. MELVYN WEISS**
           **NO. CR 05-587(E) - JFW**

Dear Judge Walter:

    Please allow me to introduce myself to Your Honor since it will bear upon both how and why I have known Melvyn I. Weiss and will provide some of the foundation for my comments.

    I am a trial lawyer and have handled and tried civil cases throughout the United States for approximately thirty years. I have been very active in bar activities and have served as President of the American Association for Justice (formerly the Association of Trial Lawyers of America), six terms on the National Board of Directors of the American Board of Trial Advocates, and currently serve as National Co-Chair of the American Civil Trial Bar Roundtable, made up of fifteen professional and honorary bar associations.

    My background is important only because it has allowed me the opportunity to meet, interact and come to know the very best members of the civil trial bar throughout the United States. These associations have been professional and in some instances personal as certain relationships have endured over extended periods of time.

**333**

Honorable John F. Walter
April 14, 2008
Page 2

My knowledge of and relationship with Melvyn Weiss is one of those great by-products of my professional endeavors. I have know Mel Weiss, first, on a professional basis and more recently on a personal basis for approximately the last twenty years. During that time period, in major areas of mass torts and class action litigation, I have seen first-hand the results of his incredible legal acumen and organizational abilities, his compassion for tort victims and passion for the preservation of human dignity and his unquenchable thirst for achieving justice for those in our society who have fallen prey to the voracious mendacity and greed of certain entities within corporate America. His legal practice has positively affected the lives of poor and wealthy alike, and his pursuit of justice has had a truly positive impact on hundreds of thousands of individuals for many years.

Mel Weiss, as iconic as his legal successes have made him, has never been above helping anyone, of any stature in the bar. He welcomed me into his office when I was much younger, in need of advice concerning certain cases, and has, throughout our long relationship, always taken the time to assist me with litigation matters, professional bar activities and personal affairs, without hesitation, question or excuse.

I also know Mel Weiss' son, Steven Weiss, who is himself an accomplished lawyer. I have seen first-hand the devastating effect upon that family resulting from Mel Weiss' admission of guilt and the incredible remorse of Mel himself. When you have known someone as long as I have known Mel Weiss, you can identify and quantify true remorse, not that which is concocted in order to gain some advantage in the legal system. Mel Weiss' remorse is genuine, his acknowledgment of his own self-inflicted wrong-doing and guilt has been without excuse or compromise, and he has steadfastly maintained a stoicism in the face of opportunities to blame others.

As this extraordinary man now awaits the Court's decision of his fate, it is left to others to meekly try to describe his incredible goodness in words that more often than not fail to convey the feelings people have for him and the good he has accomplished for others. It is my hope that in pronouncing the sentence on Mel Weiss that Your Honor will take into consideration his longstanding beneficence to the public, his remarkable achievements as a member of the bar, his age and unequivocal acceptance of responsibility for his own transgressions. If ever leniency has been appropriate to consider, I believe it is certainly so for Mel Weiss, whose great achievements and monumental advancements of justice have been so paramount for so long.

I have never before thought of writing such a letter on behalf of one who has acknowledged significant wrong-doing but I have been so compelled by the impact this wonderful man has had on my own career, that I was unable to ignore the need to speak on Mel Weiss' behalf.

**334**

Honorable John F. Walter
April 14, 2008
Page 3


    I thank Your Honor for your consideration of this request for leniency for Melvyn Weiss.

              Very truly yours,

              RICHARD H. MIDDLETON, JR.


RHMjr/jw
bcc: Stephen A. Weiss, Esq.

**335**

# EXHIBIT 97

# ASHCRAFT & GEREL, LLP

### ATTORNEYS AND COUNSELLORS AT LAW

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS¹

SUITE 400

2000 L STREET, N.W.

## WASHINGTON, D.C. 20036

(202) 783-6400

FAX (202) 416-6392

**DISTRICT OF COLUMBIA**
MARK L. SCHAFFER*
WAYNE M. MANSULLA
JAMES F. GREEN
ALLEN J. LOWE
MICHELLE A. PARFITT
H. VINCENT McKNIGHT
CHRISTOPHER V. TISI
MICHAEL W. HEAVISIDE
SIDNEY SCHUPAK
GEORGE E. SWEGMAN
REBEKAH R. MILLER
JERRY D. SPITZ
DAVID B. VERMONT
SALMAN H. ELMI
BRIANNE P. RIDEOUT
SHERRI L. DENNIS
ABRAHAM B. THORNBURG
WILLIAM B. NEWTON
JOSEPH T. MUSSO

**OF COUNSEL**
ALTOMEASE R. KENNEDY
SUSAN C. MINKIN

ROCKVILLE, MD 20852
SUITE 1002
11300 ROCKVILLE PIKE
(301) 770-3737

LANDOVER, MD 20785
SUITE 301
4301 GARDEN CITY DRIVE
(301) 459-8400

ALEXANDRIA, VA 22311
SUITE 650
4900 SEMINARY ROAD
(703) 931-5500

BALTIMORE, MD 21202
SUITE 1212
IO EAST BALTIMORE STREET
(410) 539-1122

**MARYLAND**
MARTIN E. GEREL*
ROBERT G. SAMET
DAVID M. LaCIVITA
WILLIAM F. MULRONEY
ROBERT P. ENDERLE
JONATHAN S. BEISER
ROBERT A. FLACK
DAVID M. LAYTON
MARTIN TRPIS
ALAN J. MENSH
SAMUEL G. LYNN
NATHAN M. PEAK

**VIRGINIA**
LAWRENCE J. PASCAL
J. HUNT BRASFIELD
CRAIG A. BROWN
DAVID L. BAYNE, JR.

LEE C. ASHCRAFT
1908-1993

May 1, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

RE: <u>UNITED STATES v. MELVYN I. WEISS</u>
        NO. CR 05-587(E)-JFW

Dear Judge Walter:

My name is James Green, I am an attorney admitted to practice in 1973. I am a senior partner in the law firm of Aschraft & Gerel, LLP and resident in its Washington D.C. office. I am a member in good standing of the Bars of Massachusetts, the District of Columbia, Virginia and the Supreme Court of the United States.

I came to know Melvyn Weiss when I was appointed by Judge Lewis A. Kaplan to the Plaintiff's Steering Committee (PSC) in the Rezulin products liability litigation, (MDL-1348 IN RE: REZULIN PRODUCTS LIABILITY LITIGATION). Mr. Weiss is a co-chair of the executive committee of the PSC. I have worked with him on this committee for several years and had many occasions to observe his representation of the interests of the plaintiff's that have been transferred to Judge Kaplan's MDL Docket.

I wish to express to your honor that at all times and on all occasions, Mr. Weiss without fail, expressed his strong opinion in support of the best outcome for those MDL plaintiff's in our charge. In many circumstances the direction he supported and lead in

Judge Walter
May 1, 2008
Page 2

the litigation was not the easy path. It was however, always a path reflective of a sound, principled strategy to aid the court upon its many inquiries or our client's position on the merits of particular issues before the court. I came to have great respect for Mr. Weiss after witnessing these private moments over the course of the years of our committee deliberations. Because of this experience with Mr. Weiss and his unfailing demonstration of proper ethical conduct, I was shocked and saddened by his plea of guilty to certain crimes.

Now that I am aware of his admissions of wrong doing in this matter, I write to ask for your honors consideration of leniency for Mr. Weiss. I am not the person to chronicle, for your honor, the long record of charitable works and good public and private deeds that are objectified in the history of Melvyn Weiss. I am sure that the court will have the benefit of that history from those that can offer first hand testimony to those uncontroverted facts. Rather, I write as a journeyman lawyer, at the bar for over thirty years, who while terribly saddened and disappointed by Mr. Weiss's criminal conduct, nevertheless saw and experienced a virtuous quality within this man. That tangible quality has caused me to add my voice to your honor's deliberation by this letter.

I would respectfully ask that as you weigh your decision on what is a just punishment on the record of admitted guilt and remorse before you, to temper your decision with the quality of mercy. I would urge the Court based upon my observations of Mr. Weiss and the record of his life's many good works, to consider leniency in his sentencing.

Thank you for considering my submission.

Respectfully,

James F. Green, Esq.

**337**

# EXHIBIT 98

MARTIN A. BELL
1035 Fifth Avenue, Apt. 5E
New York, NY  10028


April 23, 2008


Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room, 176, Courtroom 16
Los Angeles, CA  90012

RE:    United States v. Melvyn Weiss
       No. CR 05-587(E)-JFW

Dear Judge Walter:

I am writing to you today to ask you to impose the most lenient sentence you feel appropriate in the case of Mel Weiss.

Unlike most, if not all, of the other people writing similar letters I'm sure you will receive requesting leniency for Mr. Weiss, I do not really know him that well.  But that is precisely why I feel compelled to write, so that you can appreciate the reach of those Mel Weiss has helped and inspired – that the case for leniency is not just a few famous names or a few select causes, but rather a life also marked by innumerable small acts of kindness and generosity that reflect the truly good and caring person Mel Weiss is.

I am a lawyer and investment banker living and working in New York City.  As such, I "knew of" Mel Weiss long before I got to "know" him.  As a fellow alumnus of New York University School of Law, I read in the newsletters of his establishing a Public Interest Law Forum, and, I believe, more importantly, a loan repayment fund for needy students.  From reading the *Times,* I was aware of his *pro bono* work on behalf of Holocaust survivors and the Argentinean Jewish community.  Through a myriad of different organizations, I continually received mailings from different charities listing Mr. Weiss among the sponsors and, not infrequently, as the honoree as well.  It's fair to say that long before I ever met Mel Weiss he was, by his example, an inspiration to me to be better lawyer, a better Jew, a better person.  And I think it's also fair to say you can multiply that sentiment thousands and thousands of times over by the many others who

**338**

were similarly motivated by the high standards of selfless community service and philanthropy set by Mr. Weiss for so many years.

Then, approximately eight or nine years ago I had the opportunity to meet Mel Weiss. Mr. Weiss had what I believe was a relatively small investment in a company, NCOM, on whose Board I sat as a director. The company was going through an extremely difficult time, and its very viability as a going concern was at risk. Mr. Weiss became aware of our plight through a mailing to shareholders, and though his personal stake in the company was not significant, he invited the Board to his home on a Saturday and (though I subsequently learned he would have much preferred spending his precious leisure time on the golf course) he spent the entire day brain-storming with all the directors and helping us formulate an action plan that ultimately proved responsible for saving the company. I am confident that the other letters you will receive will relate much more noble and long-term efforts of philanthropy and mentoring, but for that one day Mel Weiss earned my undying gratitude and appreciation.

Let me add one brief follow-up. After that first meeting with Mr. Weiss, his name got listed in my Rolodex. My wife is involved in quite a few charities – hospitals in Israel, schools in New York, medical research, etc. – and she would habitually search through my Rolodex for potential donors to support whatever cause for which she was then raising money. While Mr. Weiss certainly owed me nothing and, in fact, barely knew me, I can honestly say that not only did he always respond positively to every single request on behalf of all of her varied charities, but he was also always among the very most generous contributors. So while you will undoubtedly receive letters describing great acts of generosity by Mr. Weiss, both of his time and effort and of his financial resources, I hope this letter can serve to expand that vision by acknowledging that there were many, many more smaller acts of generosity along the way such as I experienced that almost always go unnoticed, and thus serve as a reminder that the net of kindness and humanity cast by Mel Weiss was as wide as it was deep.

For these reasons, I humbly ask you see it within yourself to impose the most lenient sentence possible.

Respectfully submitted,

Martin A. Bell

339

**EXHIBIT 99**

Direct Dial: 212-946-9477
sbursey@milberg.com

May 1, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

> Re:   **United States v. Melvyn I. Weiss**
>        **No. CR 05-587(E) - JFW**

Dear Judge Walter:

My name is Steve Bursey.  I am a 27 year veteran of the FBI and manage Milberg's investigative unit.

I have reported to Melvyn Weiss for most of my eleven year tenure with the firm.  It has been a privilege to work for him and he has allowed me to assemble a collection of fact-finding talent that is the envy of every law firm in this country.  Our methods and effectiveness are so well regarded that the plaintiffs' bar actually refer to it as the "Milberg model."

During my time here, I have conferred with Mr. Weiss on many occasions. At no time have I ever been asked to do anything which could be even remotely considered improper or unethical.  He has, without exception, always put the interests of the investors and consumers ahead of everything else.  His dedication to the mission has led me to develop a  respect, admiration and affection for him that has only been rivaled by one other man in my life, my father.

Honorable John F. Walter
May 1, 2008
Page 2

On a personal note, I know that Mr. Weiss has, on numerous occasions, provided financial and/or moral support to many employees of the firm, such as paying for medical procedures. Unsolicited assistance was rendered quietly and without fanfare. People here, especially the support staff, adore Mel and it was particularly moving to see their reaction when he expressed his remorse for what has happened -- a lot of tears followed by a standing ovation.

I hope that this unique man, with his love of this country and passion for helping people, can be placed in a situation in which he is able to continue to put his talents and generosity to use.

Respectfully yours,

W. Steven Bursey

WSB:rf

**341**

**EXHIBIT 100**

# FORCHELLI, CURTO, SCHWARTZ, MINEO, CARLINO & COHN, LLP

## COUNSELORS AT LAW

JEFFREY D. FORCHELLI
ANTHONY V. CURTO, P.C.
DONALD JAY SCHWARTZ
PETER R. MINEO
TERENCE B. SMOLEV, P.C.
JOSEPH F. CARLINO (1972-2006)
PETER MILLS ALPERT
JOHN V. TERRANA, P.C.
BRIAN R. SAHN
BARBARA SHAHEEN ALESI
ANTHONY B. BARTON
JAMES C. RICCA, P.C.
GARY M. KUSHNER
ROBERT CHICCO
ROBERT H. GROMAN, P.C.
RUSSELL G. TISMAN
WARREN S. ARTHUR
RICHARD A. BLUMBERG
WILLIAM F. BONESSO, P.C.
JAMES E. CANTANNO
ANDREW E. CURTO, P.C.
STEVEN G. GAEBLER
AARON GERSHONOWITZ
JUDY SIMONCIC JACOBY, P.C.

330 OLD COUNTRY ROAD
P.O. BOX 31
MINEOLA, NEW YORK 11501
TELEPHONE: (516) 248-1700
FACSIMILE: (516) 248-1729

WEB SITE: fcsmcc.com
E-MAIL: info@fcsmcc.com

COUNSEL
WILLIAM S. COHN
BARRY C. FELDMAN
HON. JOHN J. FLANAGAN
JANET GANIO
RICHARD C. GOLDBERG
MARY E. MONGIOI
ANTHONY J. SABINO

DOUGLAS W. ATKINS
MELISSA N. BENES
LAUREN A. LAGRUA
DOMENICA R. LEONE
LISA A. PERILLO
STEPHANIE M. TABONE
ANDREA TSOUKALAS

April 29, 2008

Honorable John F. Walter
United States District court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, California 90012

        Re:    **United States v. Melvyn I. Weiss**
                  **No. CR 05-587(E)-JFW**

Dear Judge Walter:

        I am a partner of Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP. I am the head of the firm's creditors' rights group. My firm is among the largest firms on Long Island. I have practiced law for twenty years, principally in the area of bankruptcy and debtor and creditor law.

        I have known Melvyn Weiss, his wife and his children for approximately eighteen (18) years. I came to know Mr. Weiss through his son, Gary Weiss, who is my contemporary. Each of our families live in Nassau County on Long Island. I have visited Mr. Weiss' home on a number of occasions, including a variety of family and holiday celebrations. As a fellow lawyer, and friend, I have followed his career with great admiration and respect. We have, from time to time, reflected on various aspects of the legal profession, which occupies so much of our lives, professionally and personally. I immensely enjoy his intellect and humor.

**342**

# FORCHELLI, CURTO, SCHWARTZ, MINEO, CARLINO & COHN, LLP
### COUNSELORS AT LAW

**Page Two**                                                    **April 29, 2008**
**Re: CR 05-587(E)-JFW**

The fact is that, in this country, our legal system does not respond well to those who are not well-represented. Enter Melvyn Weiss. Melvyn Weiss is a pioneer. He spearheaded the redress of significant wrongs against corporate and other entities and leveled the playing field for people whose rights would have otherwise gone unprotected.

I am more than mindful that Mr. Weiss has pled his guilt to crimes that relate to his own violation of lawful procedures governing the very processes he perfected. Whether these violations occurred from an excess of zeal or otherwise, I truly believe they were aberrational. I respectfully urge the Court to consider that Mr. Weiss, in a very palpable way, has repeatedly contributed to the achievement of justice, which does not take place in our adversary system without the marshaling of expert legal talent, economic resources, hard work and tenacity. In passing sentence, I respectfully invite the Court to consider that these are the qualities Mel Weiss best exemplifies.

I respectfully request that the Court's sentence be tempered by taking into account the extraordinary and singularly unique contributions Mel Weiss has made as a lawyer in the highest and best sense of our profession. Knowing Mr. Weiss, and his family, as I do, I know that this entire episode has left him with considerable remorse, not only because of the stain it has placed on an otherwise exemplary career and reputation, but because it has cast a shadow on the efficacy of future work which builds on the foundations he has laid with such personal dedication.

I respectfully also ask the Court to take note of Mr. Weiss' substantial generosity. This is a man who, in a significant way, has distributed the monetary benefits of his profession to a variety of charitable causes during his life. I take particular note that he has donated substantial money to the United Jewish Appeal and other charitable organizations and has dedicated his unique expertise, pro bono, by undertaking measures aimed as securing reparations to Jewish citizens of this country who either had property stripped from them or forced into involuntary servitude during the Holocaust. These are just a few examples of how Mr. Weiss has changed the world, positively, for which I and my family have great admiration.

**343**

## FORCHELLI, CURTO, SCHWARTZ, MINEO, CARLINO & COHN, LLP
### COUNSELORS AT LAW

**Page Three**                                            April 29, 2008
**Re: CR 05-587(E)-JFW**

      Last, but no less important, Mr. Weiss is a caring husband, father and grandfather. I know this from personal experience by spending considerable time with the Weiss family.  His responsibility to his family is paramount.  It is my hope that this dark chapter in an otherwise shining life passes and that he is able to continue doing great work, chastened and remorseful, as I know he is, by this isolated departure from a stellar, remarkable and distinguished career as a lawyer, patriarch and humanitarian.

                                 Respectfully submitted,

                                 Gary M. Kushner

GMK/rrg
cc: Benjamin Brafman, Esq.

**344**

**EXHIBIT 101**



## LIBERTY MARITIME CORPORATION

May 7, ,2008

The Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

<u>**RE: UNITED STATES v. MELVYN I. WEISS**</u>
<u>**NO. CR 05-587(E) – JFW**</u>

Dear Judge Walter:

My name is Philip Shapiro and I am the President and Chief Executive Officer of Liberty Maritime Corporation, a shipping company which operates US flag ocean going vessels in the foreign commerce of the United States and which often carries US government impelled food aid and military cargoes to Africa, Asia, the Middle East and around the world. My undergraduate degree is from Columbia University and my Juris Doctor degree from Hofstra University Law School although in my current executive position I am not engaged in active practice.

I have known Mel Weiss for over 20 years and know him to be a very philanthropic member of the community. While my relationship with him has been purely personal – I have done no business with him whatsoever – he nevertheless has always impressed me (and others I might add) as an individual who not only supported worthy charitable causes with his financial backing but, more importantly, gave his time and expertise to many worthwhile endeavors. While I never asked or needed him to lend his assistance to me, I know of many people who did and Mel always responded by helping them and their causes.

I am aware of the fact that Mr. Weiss has pleaded guilty to certain crimes and know from my own very personal discussions with him how much remorse he has expressed about his misconduct. He will, unfortunately, have to live with that remorse for the rest of his life as well as the damage he has done to his otherwise stellar legal and personal reputation. Nevertheless, it is hard to debate that he has also had a brilliant legal career that helped and/or benefited many shareholders of corporations whose executives did not conduct themselves in accordance with the law and their fiduciary obligations to their shareholders.

SUITE 200 • 1979 MARCUS AVENUE • LAKE SUCCESS, NEW YORK 11042
PHONE: (516) 488-8800 • FAX: (516) 488-8806 • EMAIL: OPERATIONS@LIBERTYMAR.COM

345

**LIBERTY MARITIME CORPORATION**

The Honorable John F. Walter
May 7, 2008
Page 2

As you decide how to properly punish him for his wrongdoing, I urge you to consider a number of important factors which I hope you will take into consideration. Firstly, let us acknowledge that Mr. Weiss is an extremely intelligent man who despite his wrongdoing has still done much good in the world for many people and society. Through much of his legal work and his enormous charitable commitments, Mr. Weiss has had, in my opinion, an overall positive impact on this nation and the world. It would be a shame to waste those talents and that brilliance by being incarcerated for a long period of time.

The defendant is an individual who can still make enormous contributions to improving and assisting many lives if given the opportunity. He has so many wonderful qualities that I believe it would benefit society to permit him the opportunity to do community service work and projects. His remorse would be "perfected", if you will, by requiring him to do that enormous service for the benefit of those who would otherwise need assistance in order to get by and/or survive. This would also dovetail with and be in keeping with Mr. Weiss' lifelong charitable commitment to helping those less fortunate.

As you well know, Mr. Weiss is now in his 70's. Despite his wrongdoing, many people continue to have enormous respect for him because of his many good deeds over the years and his outstanding legal record. Mercy and compassion might very well suggest that he be sentenced leniently or even to some type of home confinement in order for him to be able to perform such community service. I know that doing so would permit him the opportunity to continue to make amends for his acknowledged wrongdoing by once again assisting those in need, something he has always done throughout his lifetime.

I hope that you will decide that there is too much talent and goodness remaining in Mr. Weiss' mind, heart and soul to prohibit him from contributing to society and serving those who need assistance. His remorse is clear and spoken. Please be compassionate and merciful to him – not because he has not done something wrong, but rather to allow him to do something good for society in return for your graciousness and leniency.

Should you require any further information from the undersigned, please feel free to communicate with me at your convenience. Thank you for allowing me to express my feelings to you with regard to this very serious matter.

Very truly yours,

Philip J. Shapiro
President and Chief Executive Officer

**EXHIBIT 102**



**MSW** *
R E S E A R C H
Assessing Advertising
Building Brands

1111 Marcus Avenue   Suite MZ 200   Lake Success, NY 11042
Phone: 516-394-6000 ▪ Fax: 516-394-6001 ▪ www.mswresearch.com

April 7, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

Re:  UNITED STATES v. MELVYN I. WEISS
NO. CR 05-587(E) – JFW

Dear Judge Walter:

By way of introduction my name is Peter R. Klein, President/CEO of MSW Research, a global communications research and marketing consultancy.  I am a graduate of New York University's undergraduate and graduate programs with specialization in the areas of psychology-statistics-market modeling.  My work is published in various journals and technical documents and I frequently speak at universities and conventions.

I am writing on behalf of Mr. Melvyn Weiss who will come before your bench for sentencing later in 2008.

My wife and I have known Melvyn and his family for more than 30 years.  Our relationship with Melvyn has been of a social and charitable nature.  I am not and have never been a client of Mel's so my comments are from a non-business point of view.

If the sum (the good and the bad) of a man's life is how he has positively impacted humanity then Mel has far exceeded on the positive side.  Mel's life has been balanced by family, work, friendship and charity with the last item being at a very high level.

I am well aware of Mel's guilty plea and even so my respect for the man remains high as a result of all the good he has done for so many.  His many pro bono cases speak to this man's caring for others.  One case that comes to mind is the Holocaust Survivors project.



**ASSESSING ADVERTISING ~ BUILDING BRANDS**

To see Mel in his current state of mind is most distressing and I can assure you that his remorse is extreme. You can see the remorse in his face and more important in his words.

I suspect you will receive many letters of this type so I will make mine short. I typically do not repeat myself in a document but it needs to be re-stated that Mel is remorseful to the point that words can't describe his current state of mind. Mel Weiss is a very special person and I would hope that his sentencing will result in home confinement and/or Community Service as a substitute for imprisonment.

I thank you in advance for your review of my letter and any considerations on behalf of Melvyn Weiss.


Respectfully,

Peter R. Klein
President/CEO

**348**

**EXHIBIT 103**

# R**M**F

## RUSKINMOSCOUFALTISCHEK, P.C.

*Counselors at Law*

Writer's Direct Dial:  (516) 663-6650
Writer's Direct Fax:  (516) 663-6850
Writer's E-Mail:  mruskin@rmfpc.com

April 11, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

Re:   United States v. Melvyn I. Weiss
      No. CR 05-587(E) - JFW

Dear Judge Walter:

I am a former Assistant District Attorney in the New York County District Attorney's Office, am presently a senior partner of a 50 attorney law firm in Nassau County, Long Island and am married to an Acting County Court Judge here in Nassau County. I am also Vice President of the Long Island Philharmonic, President Emeritus of the Long Island Division of The Jewish National Fund and have been involved in many philanthropic activities over the years. It is after careful thought that I write this letter to you to encourage you to grant the utmost leniency and consideration to Mel Weiss when you sentence him pursuant to his plea of guilty to criminal charges pending before you in the above matter.

I have known Mel Weiss for over 35 years. My relationship with him has some social aspects but is predominantly based upon mutual interest and involvement in philanthropic and charitable endeavors in the Long Island and metropolitan area. I have personally solicited charitable gifts from Mel and his generosity has exceeded all expectations. I can advise you from personal experience that Mel, through his philanthropy and generosity of spirit, has improved the lives of so many needy people. Many individuals attain significant wealth but not enough of us are as generous with it. Mel is a true exception and I hope that you will consider this quality of generosity and genuine concern for the plight of other people as a mitigating factor that warrants consideration for mercy.

I also have keen respect for the outstanding legal work that Mel has performed on behalf of many wronged individuals over the years. In addition to his normal legal work, Mel expended significant pro bono legal time in a number of major causes, which helped the oppressed and wronged. Without diminishing his misconduct in the matter before you, you are dealing with a man who has done a lifetime of good and I urge you to consider that as the primary factor upon sentencing.

**349**



RUSKIN MOSCOU FALTISCHEK P.C.
*Counselors at Law*

April 11, 2008
Page 2

    As a friend of Mel's and as an attorney, I was saddened to learn of Mel's guilty plea but credit him with taking the difficult step of acknowledging his criminal wrongdoing.  The destruction of reputation and public disgrace arising from this has been devastating to Mel and his family.  I know that he is extremely and sincerely remorseful and that if he could turn the clock back and undo his behavior, he would do so.  I recall from my days as a prosecutor that sincere remorsefulness is an appropriate factor to be considered by a sentencing Judge and I hope you will appreciate Mel's sincere remorse and give that factor great weight when you consider his sentence.

    I could go on for several pages pointing out the good qualities that Mel Weiss has and the good deeds he has done throughout his lifetime.  The bottom line is that you will be sentencing an exceptionally generous, good, kind and caring individual when you impose sentence on Mel. Once again, let me encourage you to grant him the utmost leniency at that time.

Respectfully yours,

MELVYN B. RUSKIN

**350**

**EXHIBIT 104**

Jennifer B. Weiss
4 Deepwood Court
Old Westbury, NY 11568

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

RE: UNITED STATES v. MELVYN I. WEISS
NO. CR 05-587(E) – JFW

Dear Judge Walter,

My name is Jennifer Weiss and I am Mel Weiss' oldest grandchild. I am currently a sophomore at the University of Pennsylvania pursuing a degree in communications. I am writing this letter on my grandfather's behalf to inform you of what an incredible man he truly is.

Though this should come as no surprise, I have known Mel since the day I was born. Over the past twenty years, this man has made more of an impact on my life than I could have ever imagined anybody could. My grandfather is the true definition of a role model. He is the most dedicated, diligent, generous, loyal, intelligent person I have ever known. The list of his positive characteristics is endless.

In his entire career, I do not think a day has ever gone by that my grandfather has set his work aside. Whether in the office, at home, or on the go, my grandfather's dedication to his clients, his firm, his associates, and his profession is immeasurable and eternal. Just as you think that there is no more dedication physically left in his being, he turns right around and exerts even more towards his family. As long and hard as my grandfather works, he never loses sight of his mother, wife, children, children-in-law, or grandchildren, not to mention his extended family. He shows each and every one of us the same amount of undying love and affection, and without him our family simply would not be the same. He is an exemplary patriarch and we all admire him and aspire to live up to the high standards that he has set.

Mel Weiss is constantly looking to help anyone and everyone he can, legally or otherwise. Whether you have known him for five short minutes or seventy long years, my grandfather is willing to do everything possible to assist you. His generosity, too, is endless, and as much as he gives is as little as he expects in return, as demonstrated by all of the pro bono work he has done.

My grandfather has another very special gift – his brilliance. As many times as I have heard him speak, both formally and informally, I am still in awe about just how much he knows. He is full of wisdom and imparts more and more on me every time I see him. My grandfather is constantly giving me advice on how to make as big of an impact on this world as he has, and for

351

that I am forever grateful.  He continually pushes me to do my best and reminds me that no goal, no matter how high, is impossible to achieve.

While my grandfather has pleaded guilty to certain crimes, he has expressed to me how deeply regretful he is about his misconduct.  I truly believe that this feeling is heartfelt, and for this I am asking you to sentence him with leniency.  Despite his wrongdoing, my grandfather is an exceptional man and exemplifies many positive qualities, as I have expressed.  In being as lenient as possible, I would like to urge the Court to consider a period of home confinement as part of the sentence.

Thank you in advance for your consideration.

Sincerely,

*Jennifer Weiss*

Jennifer Weiss

**352**

**EXHIBIT 105**

Melvyn I. Weiss
74 Cove Road
Oyster Bay Cove, NY  11771


May 7, 2008


The Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

### RE: <u>UNITED STATES v. MELVYN I. WEISS</u><br><u>NO. CR 05-587(E) - JFW</u>

Dear Judge Walter,

Looking up from the bottom of the deep pit into which I have descended has been painful.  I have spent day after day, and sleepless nights reflecting on how I could have permitted myself to stray so far off course from the hopes and desires I established for my life's work.

Our country's justice system and our adherence to the rule of law has always been in my mind what distinguishes the United States from the rest of the world.  The ability of our citizens to obtain access to our courts, no matter how rich or poor they are, is one of the hallmarks of our society.  The guilt I feel knowing that I have violated the law and contributed to doing harm to that access has wounded me enormously, and my remorse is unequivocal.

Your Honor, I would like to communicate something to you before you impose sentence.  This is not to justify or excuse the criminal conduct to which I have pled guilty.  Never, never, never to my knowledge, did I or any of my colleagues at Milberg provide anything but the best representation to our clients.  I did wrong, there is no doubt about that, but in performing our legal work we tried our very best to always supply exceptional legal representation and we gained a reputation for legal excellence.

My work as a lawyer has ended after 48 years of practice.  I am facing lawsuits and vicious public attacks.  My life's work as a person who cares for others has now been disgraced.  Your Honor, although I will soon be 73 years old, I don't want my life of serving others to end.  I feel that even though I can no longer practice law, there are still many services that I can provide to my community, and I feel I have the integrity, desire and zeal to do it.  My children, their friends and so many others have always sought my guidance.  So many who I have guided have

become upstanding human beings by undertaking many charitable and civic-minded activities. I know that I can still provide the same kind of guidance to young people who need it. I can carefully guide them away from ever making the choice that I made which has led me to my present situation. In addition, I can mediate disputes for people who don't have the resources to hire a lawyer and access our court system. In so doing, I can use the skills that I have developed to help others and hopefully help undo the damage I have caused. I ask you for that opportunity.

Respectfully,

Melvyn I. Weiss

**EXHIBIT 106**

**Rita Fox**
**972 Phyllis Lane**
**Oradell, New Jersey 07649**

April 27, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, California 90012

RE:  United States v. Melvyn I. Weiss No. CR 05-587(E) - JFW

Dear Judge Walter,

My name is Rita Fox. I am Mel's only sibling and younger than he by two years. I am married, have two children, one grandchild and presently working as a real estate agent (at one time a teacher). I served eleven years on the local school board.

I wish to convey to you the kind of man my brother is and always has been in order for you to understand his <u>heart</u>. The very special man my brother is came from our parents and our very close extended family.

My father was an accountant (not a CPA, only finishing one year of college because of cost.) He worked numerous jobs to make a living for his family. His accounts were for the working people (bakeries, butchers, etc.), all nationalities. When they were in trouble, Dad would help them out taking bread, meat instead of pay, despite not having much money himself. My father was adored by all who knew him – friends, family, and clients – for his kindness and sensitivity.

Mel, from the time he could read and write, always helped out. When Dad started having mini strokes at age 63, Mel handled his clients and by 65, with much compassion, had Dad retire, sell his house and move to Florida. He died at 70, and thanks to my brother we feel he lived a good life.

My mother is a bright, lively, giving woman of 97 years. July 22 will be her 98th birthday. Other than macular degeneration, she is well and living at a senior residence without an aide. Her residence is fifteen minutes from my home in New Jersey and thirty minutes from Manhattan. Graduating high school but not college, this lady when she arrived in Florida became involved in Hadassah and became President of a 300-woman chapter. She still thrives on going to lectures about politics, art, and music and loves talking to Mel about it all.

355

We are fortunate to have a very close extended family. Mel, in my opinion, is their "Guru." I don't believe there is one person who has not been helped by him, either financially or emotionally. His loyalty and love for all of his old friends and family are indeed rare.

Judge, most every family has problems of one kind or another and I have probably had more than my share. Mel has always been my rock. At present, he is a friend and supporter of my daughter who is having a difficult time in her marriage. This is only one example of his devotion.

Mel's heart is a combination of Mom and Dad's. His life-long love and compassion for people comes from Dad. His intellect, leadership skills and perseverance come from Mom.

My mother does not know about Mel's situation. I have insisted on shielding her as I know it will be devastating. My mother believes what I tell her because she wants to. At 97, I don't know how much longer she has. Mel sees her regularly and calls her at least four times per week. She boasts about him at her residence and people who know about the situation protect her as well.

I am aware that my brother pled guilty to a crime. Of course this breaks my heart, but I also know what a good,, kind, devoted family man he is. When I speak with him his one question is, "Sis, what about Mom?" To him I say, "Don't worry, I'll handle it," but I know I can't.

Judge, I am pleading with you to give my dear, dear brother a lenient sentence. It will break my heart and hers if she cannot see him before she passes on. I also know without a doubt that when he is free he will devote the rest of his life to making this world a better place for our children and grandchildren. He will do what my parents taught us.

Mel has expressed to me his deep remorse for the crime he committed. I respectfully hope you not only consider the crime but also to recognize the heart of Mel Weiss. Mel will undoubtedly contribute even more than he already has to the betterment of our society.

So for my Mom and myself, I ask you to grant leniency for my brother, Mel Weiss.

Thank you.


Respectfully,

*Rita Fox*

Rita Fox


**356**

**EXHIBIT 107**

Alberta Sunshine Kessler
226-26 Union Turnpike 6D
Oakland Gardens, N.Y. 11364

April 28, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N.Spring Street
Room 176,Courtroom 16
Los Angeles, CA  90012

RE: UNITED STATES v. MELVYN I. WEISS
NO.CR O5-587(E)-JFW

Dear Judge Walter:

Please allow me to introduce myself. I am Alberta Sunshine Kessler , a
close cousin of Mr. Melvyn Weiss. I was a teacher  and staff developer
for students  with special needs in the New York City school system.
After 25 years of service  I retired in 1994. During my career I was also
an adjunct lecturer for Brooklyn College where I taught graduate
courses in Special Education.  My husband, Paul Kessler, who joins me
in this letter, also retired as an educator from the same system.

Since I am five years older than Mr. Weiss I can truly say that I have
known him all of his life. My mother, now deceased, and Mr. Weiss'
mother were sisters. We are a very close, extended family, with many
cousins who meet frequently as a group. No matter how busy Mr. Weiss
has been through the years nor how extensive his traveling schedule he
has never missed, not even one of, our get-togethers. Family has always
been very important to him.

I, particularly, have a special fondness for Mr. Weiss. During my college
years I lived, briefly, with the Weiss family, hence, I feel a special
closeness to them for their kindness, generosity, and affection during
that time. I am still very close and devoted to Mr. Weiss' mother who
will soon celebrate her 98th birthday.

357

After my marriage my husband and Mr. Weiss became fast friends as they both shared a common interest in golf and spent many days on the "links" together. Even after Mr. Weiss' great success, professionally, and with his busy schedule, he always found time to include my husband in many and various golf activities. His loyalty to my husband has been unwavering.

I can truly say that I know this man and I know that he is a generous, caring individual, who has espoused may worthy causes including the Michael J. Fox Parkinson's Foundation and his pro bono work on behalf of Holocaust survivors.

Your honor, at the time of sentencing Mr. Weiss will be approaching his 73rd birthday, and his mother, my dearly loved aunt, will be 98 years old in July. Mr. Weiss has provided a most wonderful situation for his mother and that will continue until her last breath.  She is alert and aware and her son is the light of her life.

With this said, I hope that you can consider, in some way, a less restrictive environment for Mr. Weiss to serve out his sentence.

Respectfully,

*Alberta S. Kessler*

Alberta Sunshine Kessler

**EXHIBIT 108**

April 29,2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176,Courtroom 16
Los Angeles,CA 90012

RE:United States v. Melvyn I. Weiss
NO.CR 05-587(E)-JFW

Dear Judge Walter:

I am Isidore Bystock, Mel Weiss's 95 year old Uncle. I have known him all his life. He
has always been a wonderful person. He has traveled the world doing good deeds for
people.

His Mother who will be 98 in July is my sister.-Mel has been an incredible son &
nephew.
He is devoted to family & when I saw him last week, he expressed his deep shame &
concern for his family.

I am afraid of what the shock of the news of Mel's troubles will do to my sister. at this
late stage of her life.

Please be lenient on my nephew. He is a good man who I love dearly.

Thank you.

Sincerely

Isidore Bystock

**359**

**EXHIBIT 109**

Nancy J. Weiss
4 Deepwood Court
Old Westbury, NY  11568

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA  90012

Re: United States v. Melvyn I. Weiss
No. CR 05-587(E) – JFW

Dear Judge Walter,

My name is Nancy Weiss.  I have known Mel Weiss for 26 years and have been his
daughter-in-law for almost 24 years.  I met my husband Gary, Mel's son, in our
sophomore year at the University of Pennsylvania in September of 1981.  After receiving
my BA in 1984 from Penn, I got my MBA from the New York University Graduate
School of Business Administration in 1986.  I am a stay-at-home mother to our three
children: Jennifer, 20 (currently a sophomore at the University of Pennsylvania); David,
16; and Matthew, 14.  For over half of my lifetime, my father-in-law, has played a
prominent role in my life.

Family has always been a number one priority to Mel.  Although his occupation keeps
him away from his family for periods of time, he is always accessible and his presence is
always felt.  He is never more than a phone call away, and will place his family ahead of
anyone or anything.  As a father-in-law, Mel has always been a source of love, guidance
and support for me.  He has never made a distinction between his in-law children and his
own----we are all his family.  This strong sense of family spreads deeper than his
immediate relations.  He has embraced my parents, my four siblings and their spouses
and their children with the same love and devotion he demonstrates to his own family.
My family is graciously included in all holidays, celebrations and milestones that we
observe.  Even my siblings' children lovingly refer to him as "Grandpa Mel."

My father-in-law has had a profound impact on my life as well as the lives of numerous
people.  He has taught me that giving back to society is a responsibility that we all must
bear.   His sage advice is evident in his actions not just his words.  Having been born
from humble means, he overcame many obstacles in his life to become a pioneer in the
field of plaintiff litigation.  He has never forgotten his roots as demonstrated in his
participation in numerous Pro Bono cases, philanthropic interests and educational
scholarships.  Mel works tirelessly for many causes and for that I am so proud!  He does
these things, not for the attention or for the accolades, but for his own, very real, desire to
help anyone in need.  He impresses on those that are close to him that one man can make
a difference.  Not a day goes by that someone in my circle of friends and family does not

360

acknowledge and appreciate my father-in-law's generosity. His generosity goes beyond the financial---it is with his heart and soul that he continues to help mankind in various areas.

On a recent family trip to Israel in celebration of his grandsons' Bar-Mitzvahs, Mel made a concerted effort to combine the fun-filled family sightseeing vacation with some real-life educational sessions that he pre-arranged with the United Jewish Appeal. Our entire family of 13 was fortunate enough to visit some of the schools and day care centers, located outside of Jerusalem, where recent immigrants from Ethiopia are enrolled. It is here that they not only learn the Hebrew language, but they learn an entirely new and foreign culture. My father-in-law, along with his wife, children and six grandchildren, got down on his hands and knees and played in a sand box with preschool-aged children. He spoke with Ethiopian immigrants who were currently going through the educational system and was truly moved by their stories of sexual, educational and religious oppression which they had suffered in their former country. Additionally, we visited Yad Vashem as a family where we saw explicit pictures and listened to first hand stories of Holocaust survivors. This visit brought a new understanding to the motivation behind my father-in-law's involvement in the Pro Bono cases in which he represented Holocaust survivors. It has always been Mel's intent to expose his family to the world outside of our insulated, privileged environment. He feels that this awareness be fostered at a young age---we should not hide the harsh realities of the world from our children. We were all so inspired by our entire Israel experience and we left that country with a broader understanding of the strife of others and the challenge that we, as privileged citizens of the world, face in an effort to give back to those who truly need our help for their very existence. This family vacation is just one example of how my father-in-law was able to demonstrate to those closest to him what he believes are our responsibilities in this world.

I truly believe that this world is a better place because of Mel Weiss' existence. I know that my father-in-law is deeply sorry for the wrongs for which he has been charged. I truly believe that removing Mel from society for any period of time would be detrimental to the community at large. I respectfully request that the Court impose a lenient sentence, preferably one that incorporates community service, where Mel's talents and generosity could best serve society.

Respectfully submitted,

*Nancy J. Weiss*

Nancy J. Weiss

**361**

**EXHIBIT 110**

Gary Weiss
4 Deepwood Court
Old Westbury, NY  11568

April 28, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA  90012

Re:  United States v. Melvyn I. Weiss No. CR 05-587(E)-JFW

Dear Judge Walter:

I am writing to ask your Honor for leniency in the sentencing of my father, Melvyn I. Weiss.  As his son, and the father to three of his six grandchildren, it is no surprise that I would ask for such consideration.

As a child, I observed the work ethic that has defined him to this day.  He worked tirelessly, both on behalf of and for the benefit of his clients and for the welfare of his family.  He traveled constantly for business but always tried to get home on the weekends to be with us.  My father has always equally supported the disadvantaged, the poor, the working class and the handicapped.  His focus has always been to help and protect people who otherwise would be underrepresented.  That principle has extended far past his professional life.  He has done so through activism, charity and his selfless personal acts, all of it in his own free time.  If this sounds a bit overdramatic, I can only respond by saying that he taught me and my siblings to do the same.

I am 46 years old, have a B.S. in Economics from the University of Pennsylvania and an M.B.A. in finance from New York University.  I have had a career in banking, finance and consulting.  My father, Mel Weiss, has taught me that it is not enough to work for one's self and family but to work for the benefit of others as well.  In that manner, I have devoted myself to volunteer for causes that at times consumed me.  For almost 15 years, I have been a member of the New Leadership Division of the North Shore-Long Island Jewish Health System in Manhasset, NY, where I have raised money for sick, injured and terminally ill children.  I was the charity's Chairman for six years, three times longer than any of my predecessors.  Like my father, I have given to numerous other charities and causes, and feel fortunate to do so.

My father has participated in many charities and has been honored by many others.  Along with my mother, he established the Melvyn and Barbara Weiss Loan Repayment Assistance Program at NYU School of Law which helps graduates repay their student loans so that they can afford to pursue a career in public service.  He, again with my mom, set up a charitable foundation, the Weiss Family Foundation, which provides even more philanthropic aid to those in need.  I have

**362**

seen far too many successful and wealthy people give nothing back, enamored by their own success and victims of their own greed. This is not my father. This is not the Mel Weiss that I know and love.

The circumstances that led my father to this fate have weighed heavily on him. He has shown enormous remorse and shame but understands the importance of accepting responsibility. His once confident demeanor and glowing spirit has clearly been weakened by his disappointment in himself. It is my belief that my father has never willingly put himself above the law and while I personally feel he erred in judgment, he has clearly indicated to me that he accepts full responsibility for his actions and is prepared to face the consequences.

Judge Walter, I fully understand the responsibility that you have towards the law and the justice system. While I am not a lawyer, I surmise that there is a good reason that the court permits the submission of these letters. I guess there are instances where you feel that a good cause deserves some leniency, and I hope this is one of them. I plead to your Honor that my father be judged not only on the basis of a mistake but also on a lifetime of good deeds. The community at large needs him, and society would be better served by granting him a lenient sentence and allowing him to do community service in the fine manner that he has done all his life.

Respectfully,

Gary M. Weiss

**363**

**EXHIBIT 111**

One William Street
New York, NY 10004

April 27, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

Re:    *United States v. Melvyn I. Weiss, No. CR 05-587(E)-JFW*

Dear Judge Walter:

My name is Stephen A. Weiss.  I am a 43-year old attorney and a partner of Seeger Weiss LLP, a 30-lawyer plaintiff-oriented law firm based in New York.  I write this letter on behalf of my father, Melvyn I. Weiss, who awaits sentencing by Your Honor in the above-referenced criminal proceeding.

Writing this letter is indescribably painful and difficult for me.  As the son of a man who has been throughout my life an inspiration, role model and hero to me, the realization of my father's criminal conduct was a shocking disappointment.  But in judging my father for acts that, in isolation, can only be viewed as contemptuous of our judicial system, I beg that Your Honor reflect upon the countless and remarkable acts of generosity, humanity and goodness that my father has undertaken throughout his lifetime which have touched the lives of many hundreds of thousands of people worldwide, and which I know more genuinely reflect his true character.  I also pray that Your Honor will somehow come to understand the depth of sadness and contrition that pervades my father's ethos for having dishonored the profession that he has cherished being a part of for the past 50 years.

For most of the first 10 years of my own career, I practiced environmental law at Fried, Frank, Harris, Shriver & Jacobson in New York.  My father urged me to join that firm in order to learn from some of the finest members of the defense bar how to write cogent legal briefs and to "think like a lawyer," something he has exhorted two generations of young lawyers who have trained under him to do.  No amount of training, however, could have prepared me to adequately

364

convey to Your Honor the robustness of my father's contributions to the law and to humankind, but I will try.

In order to understand my father's unyielding commitment to the disenfranchised and underserved, one must first understand his upbringing. He was born in the Bronx in 1935 and lived on the fifth floor of a five-story walk-up off the Grand Concourse for most of his early life. I know this because about 5 years ago I video recorded an interview that I took of my grandmother, a first-generation American, so that my children and their children will have a visual record of this great woman, who will be turning 98 years of age this July. I learned from her for the first time about the struggles that she faced raising my father and my aunt in the Bronx during and after World War II.

My grandmother and my grandfather, who was a bookkeeper, had little money in those austere years. Many of my grandfather's clients were local merchants — tailors and bakers and kosher butchers — who paid him meagerly for his services. Lacking the funds to attend a private university, my father attended the City College of New York in 1953 where he studied accounting with the expectation that he would continue his father's accounting practice. During his late teenage years and throughout college, my father would assist my grandfather in his bookkeeping duties, at times climbing into dusty attics or sorting through old file cabinets in search of sales slips or other records to ensure that the clients' documentation was proper and correct. From such humble beginnings, my father never dreamed that he would become a lawyer, let alone one of international influence and reknown.

The foot of that path was presented as my father was graduating from City College in 1957. At that time, he had few professional influences in his life, but he somehow managed to attract the attention of Nat Hentel, a former District Attorney of Queens who was running for public office at the time. Hentel, who had been President of NYU Law School's alumni association, was struck by my father's energy and enthusiasm, and recommended him for admission to that school. My father had known no other lawyer at that time. He was admitted to the school mid-year, and graduated in 2-1/2 years by attending summer sessions in order to save money on tuition. Never a stellar student, my father finished his first year number three in his class. For the first time in his educational life, he felt enthralled by what he was learning. He graduated NYU Law School in 1959, after marrying my mother in 1958, and quickly secured a job as law clerk in the firm Strasser, Spiegelberg, Fried & Frank, the predecessor to my first law firm.

In 1960 and again in 1962, my father was called into Army service, where he was stationed at Fort Bragg, N.C. (my brother, Gary, was born at the Army base hospital during the latter of my father's two tours of duty). When my father returned to New York, he was hired by a general practice law firm called Galef & Jacobs, where he continued to learn the litigation trade.

-2-

365

When I was born in 1964, my parents, brother and I lived in a two-bedroom apartment in Queens, an outer borough of New York City. My mother has told me that they were barely able to make ends meet because my father's income as a small law firm associate was modest and she had left her job as a kindergarten school teacher to raise my brother. My sister, Leslie, was born later in 1967. She is now a speech pathologist and audiologist.

In the early 1960s, my father's interest in public service took root. He was elected at the age of 27 as President of the Bay Terrace Cooperative Association, which gave him a platform, however meager, from which he led the fight to remove the entrenched political regime in Queens and became President of the first Reform Democratic Club in Queens. He recalls now how he used to walk the streets of Queens urging voters through a bullhorn to vote for John Lindsay, a liberal Republican Queens congressman from 1959 to 1965 who became Mayor of New York in 1966 with my father's help. Despite being from the opposite party, Lindsay's liberal voting record and strong support for civil rights legislation attracted my father's support. In my mind, my father's well-known commitment to public causes became an unfailing value in his life during the 1960s.

In 1965 and hurting for better wages, my father agreed to join Larry Milberg's solo litigation practice. Larry, a 1936 Harvard Law School graduate was born in 1913 and was 22 years my father's senior. Larry recognized in my father a brilliantly creative mind and a savoir faire that betrayed his 30 years of age and modest upbringing. Little did either of those men know at the time what was to become of their union. My father has described Larry to me as conservative and unfanciful, but who was an elegant writer and who was able to turn my father's creative ideas into cogent and persuasive law briefs. I remember Larry as a formal, but kind and gentle patrician. My father learned much from Larry Milberg about decorum, dignity and respect in our profession, attributes instilled in my father to his core, as anyone who has dealt with him during his long career will attest.

The Milberg & Weiss firm and its business grew slowly in the late-1960s, when my father encouraged Larry to back him in what was to become the first 10b-5 securities fraud case to go to trial against a major accounting firm under the 1966 revisions to the class action rule 23. Drawing on his accounting background, my father was convinced that Touche Ross was guilty of accounting violations in connection with its auditing of the Dolly Madison Ice Cream Company. The revisions to Rule 23 empowered the firm for the first time to bring class claims on behalf of previously disenfranchised individual investors. In the middle of the trial in 1973, Touche Ross agreed to settle the case for $1.8 million, a significant recovery at the time.

Although it was clear that my father had found his calling, it was anything but clear that Milberg & Weiss could survive the risks of taking on major corporate concerns on behalf of small investors on a contingency basis. I remember this pivotal time in my father's professional career very vividly. By 1975, his partnership with Larry Milberg had spanned a decade and he had just turned 40 years of age. Yet, the rigors of his practice were already taking its toll. As a

child, I remember my father always working, always traveling. During the late 1970s, he spent two weeks at a time on the road, for months on end. For almost all of my high school tenure, my father spent predominantly all of his time on the West Coast in the U.S. Financial litigation, in which he was able to recover $50 million on behalf of investors who were victimized by a massive real estate fraud.

That was followed by his appointment as Co-Lead Counsel on behalf of bondholders of Washington Public Power Supply Systems, many of whom thought they were placing their lifelong savings in conservative AAA municipal bonds, but instead were investing in a hopeless scheme of mismanagement and, worse, material financial non-disclosure. A $2.2 billion bond default ensued, and, after spending almost 4 years in discovery in Seattle and another 2 years in trial prep and trial in Tucson, Arizona, my father and his co-counsel were able to recover $775 million on behalf of the bondholders' class.

These years were particularly stressful on my father, and consequently on my mother and on our family. Yet, he never complained, and always remained singularly committed to his family and to his profession. Time was always a scarce commodity for my father, yet he somehow managed always to include me and my two siblings in his daily regimen. Even when he was 3,000 miles away, I remember with great clarity how he would call us each evening and ask us about our day as we passed the phone from one to the next.

Following the milestone achievements that I described above (there were many more not named here), my father re-focused his professional and personal energies with breathtaking philanthropic vigor. Professionally, for example, he served as the pro bono lead counsel in the Swiss Bank Litigation which involved Holocaust confiscations. Against all realistic odds, he was able to recover $1.25 billion on behalf of Holocaust victims. Following this landmark achievement, he served as lead counsel in recovering $5 billion for Holocaust victims from a variety of German banks and industrial companies. His philanthropic record also included his firm's monumental pro bono commitment on behalf of claimants of the September 11 Victims Fund.

On a personal level, his philanthropy has run the gamut. In the early-1990s, for example, he and my mother established the Melvyn and Barbara Weiss Public Interest Foundation at the New York University School of Law to encourage students to take on lower-paying public-interest jobs by helping to retire their student loans. Following the two bombings that destroyed the Israel Embassy in Buenos Aires in the early 1990s, he spent years helping the Jewish community in that city in their recovery. He chaired the effort to build the memorial that now stands on the site of the destroyed embassy, which led to his being honored with an honorary doctorate and professorship at the University of Buenos Aires, the first given to an American citizen. In 2002, he helped raise over $1 million to benefit the Shaare Zedek Medical Center in Jerusalem, which is the second largest hospital in Israel and faithfully serves numerous victims of terrorism regardless of nationality, religion, creed or color. I know from personal observation

that there are numerous examples where his giving has been purely anonymous, which in my estimation is the highest form of philanthropy.

I have no doubt that my own abiding commitment to philanthropy germinated from the examples set by my father during my early lifetime. I am honored to have had the opportunity to serve over the past decade on several philanthropic boards and committees, and will forever cherish the memory of having shared with my father the International Humanitarian Achievement Award in 2002 from the Shaare Zedek Medical Center for pro bono legal work that we jointly performed on its behalf.

As I struggle on these thin pages to offer Your Honor something more than a mere glimpse of my father and his profound impact on my own life, I fear that my recollections will be discounted as the sentimentalism of a loving son. Yet over the past 20 years, I have come to know my father as intimately as anyone on this planet. When I was admitted to the New York bar in 1990, it was my father who proudly moved for my admission. When I started confronting the daunting challenges in my early years of practice, it was my father to whom I always turned for sound wisdom and perspective. Since leaving the defense bar in 1999, I have had the great joy and privilege of serving with my father on dozens of professional matters. As co-counsel, we have jointly represented individuals injured by pharmaceutical products; corn farmers throughout the United States whose crops were devastated by contamination; and the Shaare Zedek Hospital in the manner described above, to name a few. Never once during those nearly twenty years did I witness my father lapse in ethical judgment or fail to adhere to the very strictest ethical code. To the contrary, he was always a beacon of conscience for me and all others around him.

I've been told that Your Honor will receive numerous letters from my father's colleagues describing his love and respect for the law and his legendary commitment to his clients. Having worked with my father professionally for over 25 years — as a messenger in the early years running packages throughout the city until my feet blistered, and more recently as a co-counsel learning at the feet of an old lion of our bar — I feel uniquely qualified to assert that there isn't a practitioner in the United States who reveres the law and our profession more fully than Melvyn I. Weiss. I speak with the fullest conviction that there hasn't been a day during my lifetime when my father didn't view with profound respect the responsibilities of a lawyer to our society. That my father strayed from certain basic tenets of our profession cannot be contested. But I pray that Your Honor will accept that his respect for the institution of law has never wavered.

As a lawyer, I know that Your Honor has an awesome responsibility — to peer through the lens of wisdom and dispense judgment upon my father. But I pray that Your Honor will consider my father's whole life and his unique and extraordinary contributions to society and the millions of people whose lives he's touched.

I wish to relate one final lesson that my father has conferred to me.  Years ago, he urged me never to forget that what is for me a day in my professional life is most often for my client their life's greatest trauma.  That principle has guided my father's 50 years of practice and will forever guide mine.

Respectfully,

Stephen A. Weiss

-6-

**369**

**EXHIBIT 112**

Barbara J. Weiss
74 Cove Road
Oyster Bay Cove, New York 11771

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, Ca 90012

April 15, 2008

Dear Judge Walter:

My name is Barbara Weiss. On December 27, 2008, I will be married to Mel Weiss for 50 years. I know that you have received many letters on Mel's behalf from relatives, friends and business associates, so I see no reason to reiterate all that they have said extolling his many accomplishments. Let me tell you about the Mel that only I am privileged to know.

I was 18 years old when we met, and 20 when we married. I was a first grade school teacher and he a young attorney. We had very little in the way of material things, yet our future seemed bright. From the moment I met Mel, I knew there was something special about him. As young as I was, I made a calculated decision that this was the man I wanted to build a life with.

The early years were hard for me. I had three children in five years and Mel traveled a considerable amount of time. One Friday he was awakened at 2:00 am by his acquaintance telling him that his young son was arrested in Barranquilla, Colombia. He asked Mel to go there to help him. Without a moment's hesitation Mel was on the next plane, telling me that he would be back after the weekend. He was gone for 5 weeks. He successfully brought the young man home after finding out that he was fraudulently accused by the police of trying to smuggle drugs out of the country. That young man today is a successful attorney and credits Mel as his mentor. There were other times that he was gone, for weeks and sometimes months, yet never a day passed that he didn't call home to ask about me and the children.

The years passed and his career has been highlighted with extraordinary accomplishments. I have never known him to say no to a client, friend, family or acquaintance who needed his help, either personally, professionally or financially. His generosity to philanthropic causes is legendary.  He is the rock that provides strength to so many people in their time of need.

**370**

There is no doubt that he is a changed man. The spark is missing from his eyes, the hardy guffaws are absent and the nightmares he must be having cause his sleep to be disturbed. Recently at our Seder, I saw him looking at his 6 grandchildren and his eyes were moist. He later asked me "Do you think they still respect me?" I know they do. I know I do and I know so many other people do as well.

Your Honor, I know that Mel has pleaded guilty to wrongdoings. I don't think anybody can be more anguished or remorseful than he. The fact that his license will be revoked and he will be unable to practice law which he so loves is a penance he will pay for the rest of his life. I only pray that he will be able to continue to make contributions to his family and community in the near future.

I beg you Judge Walter, to consider giving Mel a lenient sentence and allow him in some way to partake in community service.

Respectfully yours,

*Barbara Weiss*

Barbara Weiss

Re: United States v. Melvyn I. Weiss
NO. CR 05-587 (E-JFW)

**371**

**EXHIBIT 113**

# NICHOLAS H. POLITAN, LLC

P.O. Box 5959
Lake Worth, Florida 33466-5959
Tel: 561-969-8939
Fax: 561-304-0110

5 Becker Farm Road - Fourth Floor
Roseland, New Jersey 07068
Tel: 973-994-4740
Fax: 973-994-4755

April 22, 2008

Honorable John F. Walter
United States District Court
Central District of California
312 N. Spring Street
Room 176, Courtroom 16
Los Angeles, CA 90012

Re:   United States v. Melvyn I. Weiss
No. CR 05-587(E) – JFW

Dear Judge Walter:

I am a retired Judge of the United States District Court, having sat in the District of New Jersey from 1987 to 2002. Upon my retirement from the Bench, I became engaged as an arbitrator and mediator and continue in those endeavors. I write on behalf of Melvyn I. Weiss because of the profound respect that I have for him as a lawyer as well as my personal feelings about Melvyn Weiss as a person.

My first encounters with Mel Weiss were during my tenure on the Bench when he appeared before me approximately six times. I had no real interaction with him except in the courtroom. I found his actions to be highly competent and very professional. It was only after I left the Bench in 2002 when I was engaged as a mediator that I interacted with Mel Weiss on a more person to person basis. As you know, mediation is settlement discussion and it requires a great deal of dialogue.

Shortly after I left the Bench I was engaged to be the mediator in an MDL case commonly referred to as the IPO case. It involved approximately 300 separate cases. The settlement that was finally agreed to was established as a result of intensive negotiations over a two year period. In that setting, I personally observed his great skills and total commitment as a negotiator for his clients, and a person totally knowledgeable in the law. More importantly, I observed the respect that the plaintiffs' committee of in excess of 15 leading plaintiffs' lawyers, multiple lawyers representing the 300 companies, and the multitude of insurance company representatives, had for him and his skills. Equally important were his actions as a person. Quite apart from the litigation, he

**372**

was well respected and liked by all.   I can recount many instances during the two year period in which, but for his personal presence and his well grounded personal relationships with all of the parties, the settlement would never have been reached.   In addition to the IPO case, I mediated at least ten other cases in which Mel Weiss was the lead plaintiff's lawyer.   Needless to say, in all of those cases he evidenced those same characteristics and received the same personal respect of all parties.

Through my exposure to Mel Weiss in the cases that I have mediated, as well as on social occasions, I have learned more and more of the Mel Weiss that was present outside the legal community.   His compassion for the oppressed and downtrodden and his charitable endeavors, were polestars of his persona.   I am sure others who are directly involved in those personal aspects of his life will detail the specific instances of his compassion for others and his charitable endeavors.   Needless to say they are abounding.

I understand your duty in sentencing Mel Weiss.   I only ask that you consider his whole life and the whole man, Mel Weiss.   Both he and I are 72 years old, soon to be 73 this year.   We are in the twilight of our lives.   At this age every month, every week and every day is precious.

Thank you for your consideration.

Sincerely,

Nicholas H. Politan

**373**